IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO DAIRY FARMERS ASSOCIATION<br><br>    Plaintiff<br><br>      vs.<br><br>MYRNA COMAS PAGAN, in her official capacity, as the Secretary of the Department of Agriculture for the Commonwealth of Puerto Rico; and EDMUNDO ROSALY, ESQ., in his official capacity, as the Interim Administrator of the Office of the Milk Industry Regulatory Administration for the Commonwealth of Puerto Rico;<br><br>    Defendants | CIVIL CASE NO. 08-2191 (DRD)<br><br>RE: INJUNCTIVE AND DECLARATORY RELIEF |

**OPPOSITION TO GOVERNMENT DEFENDANTS MOTION TO DISMISS FOR LACK OF STANDING FILED AT DOCKET NO. 35**

**TO THE HONORABLE COURT:**

**COMES NOW** the Puerto Rico Dairy Farmers Association ("PRDFA") through the undersigned attorneys and very respectfully states and prays as follows:

I.   **Introduction**

On January 16, 2014, the Secretary of Agriculture and the Administrator of ORIL (hereinafter "Government Defendants") filed a Motion to Dismiss Counts One, Two and Three of PRDFA's Second Amended Complaint. In essence, almost six years after the initial filing of PRDFA's Complaint, now Government Defendants seek dismissal of these claims alleging that the PRDFA lacks

1

associational standing to bring suit on behalf of its members. (See, Docket No. 35). Government Defendants' position, however, cannot be further from the truth and, as such, their Motion to Dismiss should be summarily denied. We explain.

## II.  Legal Discussion & Analysis

### A. Government Defendants Arguments

Government Defendants argue that this Honorable Court must dismiss Counts 1, 2 and 3 of PRDFA's Second Amended Complaint insofar as the PRDFA lacks standing to sue on behalf of its members. Particularly, Government Defendants contend that "[i]t is not plausible for the PRDFA to seek redress for alleged violations of the due process and takings clauses and to recover damages and losses as an association in representation of its members." Government Defendants also contend that a 1983 civil rights action is a personal suit to be redressed by the person subjected to the depravation of the right.  (Docket No. 35 at page 5).  Government Defendants further assert that for the recovery of losses, "the court would have to engage in an *ad hoc* factual inquiry for each [dairy farmer] who alleges that he has suffered a taking." (Docket No. 35 at pages 6-7).

In support of this position Government Defendants cite several cases from the 3rd, 6th and 10th Circuits that are not applicable to the case at bar and further cite some U.S. Supreme

Court cases that, contrary to ORIL's allegations, clearly support PRDFA's position that it has associational standing.

**B. <u>Associational Standing</u>**

Notwithstanding the general rule that a Plaintiff must assert his own legal rights and interests and cannot rest his claims to relief on the legal rights or interests of third parties, there are situations where even in the absence of injury to itself an association may have standing solely as the representative of its members. <u>Warth v. Seldin</u>, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

In this regard, the Supreme Court has clearly settled that under certain circumstances an association may premise standing upon injuries suffered by some or all of its members. See, <u>UAW v. Brock</u>, 477 U.S. 274, 281–82, 106 S.Ct. 2523, 2528–29, 91 L.Ed.2d 228 (1986); <u>Hunt v. Washington State Apple Advertising Comm'n</u>, 432 U.S. 333, 342–43, 97 S.Ct. 2434, 2440–41, 53 L.Ed.2d 383 (1977).

Particularly, the U.S. Supreme Court has held that an association has standing to sue on behalf of its members when three requisites have been fulfilled: (1) at least one of the members possesses standing to sue in his or her own right; (2) the interests that the suit seeks to vindicate are pertinent to the objectives for which the organization was formed; and (3) neither the claim asserted nor the relief demanded necessitates

3

the personal participation of affected individuals. See, <u>Brock</u>, 477 U.S. at 282, 106 S.Ct. at 2528; <u>Hunt</u>, 432 U.S. at 343, 97 S.Ct. at 2441.

Only the first two prongs of this test are constitutionally mandated while the third requirement is prudential. <u>United Food & Commercial Workers Union Local 751 v. Brown Group</u>, 517 U.S. 544, 447, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996).

**C. <u>PRDFA's fulfills the requisites for associational standing</u>**

**(i)    PRDFA members possess standing to sue in their own right**

As stated above, part 1 of the <u>Hunt</u> test requires that members of the association in question would otherwise have standing to sue in their own right in order for the organization to have standing to sue on their behalf. As interpreted by the U.S. Supreme Court, this first requisite of the <u>Hunt</u> test does not require that every member of an association have standing before it can sue on behalf of its members. "The association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." See, <u>Playboy Enterprises, Inc., v. Public Service Commission of Puerto Rico</u>, 906 F.2d 25, 34 (1st Cir. 1990); see also, <u>Warth v. Seldin</u>, 422 U.S. 490, 511, 95 S.Ct. 2197, 2212, 45 L.Ed.2d 343 (1975). Also, in <u>Automobile Workers v. Brock</u>, 477 U.S. 274, 106 S.Ct. 2523, 91 L.Ed.2d 228

(1986), the Supreme Court held that the first element of the Hunt test was met when the plaintiff association showed that "at least some" of its members would have had standing to sue on their own.

In view of the above, the question we must answer is whether the PRDFA has shown that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit. Certainly, this question is answered in the affirmative. Faced with the loss of their property, any of the members of the PRDFA could have brought the action filed by the PRDFA (wherein it is clearly alleged that they are suffering immediate injury) and would have alleged a particularized harm sufficient to give that member standing. Therefore, requisite 1 of the Hunt test is met.

In addition to fulfilling this first requisite, having the PRDFA bring the action on behalf of its members weighs in its favor since it simplifies matters considerably. In this sense, the Supreme Court has established that suits by associations operate to the benefit of the individuals represented and the judicial system as a whole. Automobile Workers v. Brock, 477 U.S. 274, 106 S.Ct. at 2533. As the Court in Brock further pointed out, one of the primary reasons people join an association is to create an effective vehicle for vindicating

interests that they share with others and that the doctrine of associational standing recognizes this fact. <u>Id</u>.

**(ii) Interests that the PRDFA suit seeks to vindicate are pertinent to the objectives of the association's purpose**

The second part or requisite of the <u>Hunt</u> test is easily satisfied. To begin with the obvious, and as Government Defendants are well aware, the PRDFA is the association of the milk sector that comprises all licensed dairy farmers in Puerto Rico and the one who <u>represents their rights and interests</u>. In its Complaint, the PRDFA seeks an action by the Court that would precisely protect these rights and interests[1]. Hence, the interest sought to be protected by the PRDFA's claims are germane to the association's purpose, thereby satisfying the second requirement of the <u>Hunt</u> test.

**(iii) The claims asserted nor the relief demanded requires personal participation**

Government Defendants cite <u>Warth</u> (a case not involving a regulated market) to argue that it is not plausible for the PRDFA to seek redress for the alleged violations in representation of its members and that individual participation

---

[1] The PRDFA seeks in its Complaint, *inter alia*, an Order from this Court that would force Government Defendants to: refrain from enforcing Orders and Regulations that do not allow the dairy farmers to recover their costs for producing raw milk; refrain from enforcing Price Orders and Regulations that do not allow the dairy farmers to recover a reasonable rate of return; and refrain from enforcing Price Orders and Regulations that deprive the dairy farmers of their property by excluding from their capital base assets.

of its members is required. That case, however, is
distinguishable from the instant case. In Warth, the Court held
that an association had no standing to sue on behalf of its
members when seeking monetary relief to compensate its members'
injuries. The Court explained that whatever injury may have been
suffered is peculiar to each individual member concerned, and
the extent of the injury would require individualized proof.
Therefore, to obtain relief in damages, each member of Home
Builders [Association] who claims injury as a result of
respondents' practices must be a party to the suit, and Home
Builders has no standing to claim damages on his behalf. Warth,
422 U.S. at 515-16, 95 S.Ct. at 2213-14.

The reason for the Court to require the members'
participation as parties was for them to recover their own
damages, should they prevail. Since the Home Builders
Association alleged no injury to itself nor any assignment of
damage claims by its members, it was not entitled to be
compensated for the various injuries suffered by its members.
Id. at 515, 95 S.Ct. at 2213. Hence, the rationale was that the
members' participation as parties was necessary so that Judgment
could be entered in their favor.

The enormous difference is that in the present case, the
PRDFA did allege injury that runs equally to all of its members.
What's more, prices for raw milk in Puerto Rico are not set

7

individually. As this Honorable Court is well aware, the dairy
farmers ultimately receive a universal price for the raw milk
they produce. This is done after ORIL selects representative
farmers by level of production, tabulates their costs, asset
value and return and finally determines a <u>unitary price per
quart</u> of raw milk for all farmers. Also, the nub of PRDFA's
claim depends on expert evidence as to what price at farm level
should have been in order to cover costs and a reasonable profit
(a price which would be the same for all dairy farmers) and not
on evidence that may differ from member to member[2].

Additionally, it must be noted that the PRDFA is the
association recognized by the very act that creates the
regulated milk market in Puerto Rico (Act 34 of July 11, 1957)
and the one that has historically represented its members in all
the hearing and proceedings (administrative and judicial) to
determine the unitary price to be paid per quart of milk.

Moreover, the PRDFA seeks declaratory and injunctive
relief, which have been held particularly suited to group
representation. <u>Warth</u>, 422 U.S. at 515, 95 S.Ct. at 2213. As has
been held, declaratory relief turns on a question of law which
is not particular to each member of the Association, and because
the declaration applies equally to all members, there is no need

---

[2] As Government Defendants clearly know, the way ORIL goes about setting prices for
the dairy farmers is that they fix only <u>one price per quart</u> of raw milk for all dairy
farmers no matter how much any of them <u>individually</u> produce, or what a given farmer
actual individual costs are.

for individual proof or participation. _Brock_, 477 U.S. at 287, 106 S.Ct. at 2531.

### D. Standard for Motion to Dismiss for Lack of Standing

Motions to dismiss based on standing are considered under Fed.R.Civ.P. 12(b)(1). _Valentin v. Hospital Bella Vista_, 254 F.3d 358, 362 (1st Cir. 2001). These types of motions, however, are subject to the same standard of review as motions to dismiss for failure to state a claim brought under Fed.R.Civ.P. 12(b)(6). _Negron v. Hernandez_, 35 F.3d 25, 27 (1st Cir. 1994).

In ruling on a 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. See, _Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n_, 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint under rule 12(b)(6) unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. _Ortiz-Rodriguez v. Negron Velazquez_, 2006 WL 842926.

As shown above, and viewing the facts alleged in PRDFA's Second Amended Complaint in the light most favorable to it, it is clear that the PRDFA possess the associational standing required to bring suit on behalf of its members.

### III. <u>Conclusion</u>

As is clear from the above, Government Defendants' position is incorrect and unsupported. PRDFA has clearly shown that even in the absence of injury to itself an association has standing as the representative of its members and that the PRDFA has fulfilled all the requirements set forth by the Supreme Court to establish associational standing. In light of this, Government Defendants' Motion to Dismiss should be denied.

**WHEREFORE**, for all the above stated reasons, the PRDFA respectfully pray that this Honorable Court deny Government Defendants Motion to Dismiss docketed at ECF No. 35.

**RESPECTFULLY SUBMITTED.**

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

In San Juan, Puerto Rico, this 31st day of January 2014.

/S/**William A. Graffam**
USDC-PR #123113
wgraffam@jgl.com

/S/**Juan Carlos Deliz**
USCD-PR # 224702
jcdeliz@jgl.com
Attorneys for PRDFA
Jiménez Graffam & Lausell
PO Box 366104
San Juan, P.R. 00936-6104
Tel. 787-767-1030
Fax 787-751-4068

10