UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO DAIRY FARMERS ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>MYRNA COMAS PAGAN, in her official capacity, as the Secretary of the Department of Agriculture for the Commonwealth of Puerto Rico; and, EDMUNDO ROSALY, ESQ., in his official capacity, as the Interim Administrator of the Office of the Milk Industry Regulatory Administration for the Commonwealth of Puerto Rico,<br><br>Defendant(s). | Civil No. 08-2191 (DRD) |

**OPINION AND ORDER: AS TO THE DISCOVERY DISPUTE**

Pending before the Court is a discovery dispute squabble that occurred during the taking of the deposition of former Secretary of Agriculture, Hon. Myrna Comas Pagan, signer of the *Settlement Agreement* ("Settlement") that ended the case of Vaqueria Tres Monjitas, Inc.; Suiza Dairy, Inc. v. Myrna Comas Pagan, et als., Civil No. 04-1840 (DRD), Docket entry No. 2322. The issue is whether or not the Secretary may be deposed as to the statements made at the negotiations of the Settlement and/or the validity or credibility of the Secretary's opinion as to said Settlement,[1]

---

[1] The Court refers to the provisions of Rule 408(a) of the Federal Rules of Evidence:

**Rule 408. Compromise Offers and Negotiations**

(a) **Prohibited Uses**. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by prior inconsistent statement or a contradiction:

(1) furnishing, promising, or offering – or accepting, promising to

considering a challenge by Suiza Dairy, Inc. ("Suiza") to the Federal Rule of Evidence 408.

The Court is <u>not</u> clear as to the ultimate questions to be asked, notwithstanding that on November 29, 2016, the Court held a two and half hour telephone conference with all interested parties. *See Minutes* of November 29, 2016, Docket No. 289.

There is no doubt that statements made during and leading to a Settlement are protected under Rule 408 of Evidence. The protection covers statements and documents leading or related to the Settlement. *Ramada Development Company v. Martin W. Rauch, et als.*, 644 F.2d 1097 (1st Cir.1980). *See also Ronda-Perez v. Banco Bilbao Vizcaya Argentaria – Puerto Rico*, 404 F.3d 42, 47 (1st Cir.2005) (offer to settle conditioned a specific payment of an age discrimination case).

The law is clear as to the purpose of the Rule 408, however, there is a considerable exception as to whether the documents tendered at trial and relating to a settlement negotiation, should be used for "another purpose." *Rodriguez-Garcia v. Municipio de Caguas*, 495 F.3d 1, 11-12 (1st Cir.2008). *See* Rule 408 (a)(1) and (2)(b). Further, there are a series of exceptions clearly noted at Rule 408(b).[2] The Court emphasizes the exception that "[t]he court may admit this evidence [used] for another purpose [at trial] ... ." *Fenoglio v. Augat, Inc.*, 254 F.3d 368, 372 (1st Cir.2001) (settlement letter

---

accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

[2] Rule 408(b) of the Federal Rules of Evidence provides:

(b) **Exceptions**. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

used to demonstrate the date of the termination of the claimant in a labor case). *See also McInnis v. A.M.F., Inc.*,765 F.2d 240, 248 (1st Cir.1985)(rehearing *en banc* denied) ("Although Rule 408 bars the admission of evidence of settlement to prove liability or validity of the claim, it expressly allows such evidence for other purpose")(citation omitted).

It is clear that the documents and statements used during and in the process of negotiations are barred under Rule 408(a), specially as to the "validity," "invalidity" or the "consideration" of the settlement. However, the use of documents and statements for "another purpose" constitutes a broad field. In *Basha v. Mitsubishi Motor Credit America Insurance, Inc.*, 336 F.3d 451, 454 (5th Cir.2003) (the Court accepted in evidence a document of settlement by counsel "interpreting the settlement" and not for liability purposes). Further, courts have interpreted the exception "involving a third party," *In Re MSTG, Inc.*, 675 F.3d 1337, 1343-1344 (Fed.Cir.2012)(rehearing *en banc* denied 2012). Therefore, it is pellucid that the use of documents and statements during and in the process of negotiations as to settlements are barred under Rule 408(a). However, the use of "another purpose" constitutes a broad field under Rule 408(b).

At the Telephone Conference, the farmers, PRDFA, expressed at one point of the telephone conference that the question addressed to the Secretary of Agriculture were geared to her knowledge as to the potential "repercussions" of the settlement to a third party, in this case the PRDFA, who was not a signatory of the Settlement. (*See* the signatories of the Settlement Agreement, at Docket No. 2322 of Civil No. 04-1840 (DRD), the case of the milk processors seeking constitutional redress). Further, the Court is cognizant that under Rule 408 there is a general policy of "otherwise discoverable evidence" ... "not intended to conflict with the ...," ... "liberal rules of discovery embodied in the Federal Rules of Civil Procedure." Federal Courtroom Evidence," Fifth Edition,

Cotchet and Poehner, Lexis Nexis, May 2016, § 408.5, pages 10-23.

Considering the above judicial scenario, the Court allows the testimony of the former Secretary of Agriculture solely as to the "repercussions" under the Settlement Agreement stated herein, as to the farmers, the PRDFA,[3] as the Court understands the integrity of the settlement is not being *per se* questioned.  Hence, the validity or amount of a disputed claim is not being disputed under "Rule 408(a)."  It is, however, the potential effect of the settlement as to "a third party," a traditional exception of the use of the testimony for "another purpose," Rule 408(b).  *In Re MSTG*, 675 F.3d 1337 (Fed.Cir.2012) (rehearing *en banc* denied).[4]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of February, 2017.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
United States District Judge

---

[3]  The Court notes that the position of Suiza Dairy, Inc. has been that during the time the of the litigation in Civil No. 04-1840 (DRD) by the industrial milk processors, that is, during the period from 2004-2013, the farmers received without any hearing monetary relief by merely assembling a manifestation in Old San Juan at the Governor's mansion.  The farmers allegedly were remunerated without a hearing or a prior notice as to said increment.

[4]  The likes or dislikes of the Secretary of Agriculture constitute opinions which are barred as she has not been qualified as an expert.  Further, said opinion is immaterial to the issues at hand, as the Secretary signed the Settlement Agreement.