IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PUERTO RICO DAIRY FARMERS ASSOCIATION,**

Plaintiff,

v.

**MYRNA COMAS-PAGÁN, in her official capacity, as the Secretary of the Department of Agriculture for the Commonwealth of Puerto Rico, et. al.,**

Defendants.

**CIVIL CASE NO. 08-2191 (DRD)**

**OPINION AND ORDER**

Pending before the Court are several related motions filed by Plaintiffs, Puerto Rico Daily Farmers Association's (hereinafter, "PRDFA") *Urgent Motion to Compel Discovery Responses* (Docket No. 395) and, Intervenor and industrial manufacturer of fresh milk, Suiza Dairy Corporation's (hereinafter, "Suiza") *Opposition to Urgent Motion to Compel Production filed by PRDFA* (Docket No. 401), *PRDFA's Reply to Suiza's Opposition to Urgent Motion to Compel Discovery Responses* (Docket No. 407), and Suiza's *Sur Reply to Dkt. 407 on Discovery Matters* (Docket No. 411). Plaintiffs filed a discovery request as to "'huge losses' through intercompany transactions [of Suiza] resulting in detriment to [the] dairy farmers." (Docket No. 395 at p. 2, § 1).

The rules as to the scope of the business that is covered in the instant case must be first related to cost and/or expenses of the farmers in the production of fresh milk. The

cost must also be in the "the regulated business" which in the instant case is the manufacturing cost of raw milk of the farmers in the manufacturing cost if the fresh milk sold to the public. "Unregulated business" simply is not covered by ORIL Regulations as only fresh milk manufactured, sold to the public are covered as was the case as to the manufacturing producers, Vaquería Tres Monjitas, Inc. and Suiza Dairy, Inc. good mark.[1] Juices, ice creams, and manufacturing of other dairy and non-dairy products are not covered as to Suiza as the request involves a "non-regulated" business.

The current discovery requested dealing with the economic gains of Suiza constitutes another "through the kitchen attack" of the farmers of a settlement that was signed on October 29, 2013 (Slip Copy, Docket No. 2322, Civil Case No. 04-1840 (DRD)), Amended Judgment entered on November 7, 2013 (Slip Copy, Docket No. 2351, Civil Case No. 04-1840 (DRD)). The Circuit Court thereafter determined that the PRDFA had agreed before the Court of Appeals, that "the combined effect of these three conditions PRDFA then argued was that even if the the PRDFA were able to show constitutional violations in its companion cases [the discovery request as to later changes to the regulation #12] the district court would be unable to grant it [PRDFA] relief via a restored higher profit margins in light of the agreements restricting Regulation 12." *Puerto Rico Diary Farmers Association v. Pagán*, 748 F 3d. 12, 18 (1st Cir 2014).[2] The instant case

[1] *See* generally *Vaquería Tres Monjitas, Inc., et al. v. Irizarry*, et al., 587 F.3d 464 (1st Cir. 2009) sek'g *en banc denied,* 600 F. 3d. 1 (1st Cir. 2010), *cert denied* ____ US ____, 131 S. Ct. 2441, 179 L. Ed. 2d. 2011.

[2] The conditions included "that the price of milk paid by the consumers will not increase in the next four years. 'unless the present market conditions change substantially [the current relief of the defendants as to market changes]. Second, Suiza and VTM's profit margins are inversely related to those of the dairy farmers; without a rise in prices at consumer level, PRDFA argued, it is unavoidable that as Suiza and VTM's margins increase, the farmers' margins will decrease. . . [and] any later changes to Regulation 12

constitutes exactly the request of the PRDFA again wishing via camouflage to reiterate yet another challenge to the settlement leading to price changes contained in the Agreement/Settlement.

The First Circuit also stated sternly and strongly that PRDFA had already "a fair opportunity to present the relevant facts and arguments to the Court and to counter the opponents' submissions" referring to a challenge relating to the settlement as to Suiza and Vaquería Tres Monjitas and the subsequent amended regulation #12 incorporating the settlement, citing *United States v. Engs. Corps*, 899 F. 2d 1990 (1st Cir. 1990); *Vaquería Tres Monjitas, Inc. v. Pagán*, 748 F. 3d at 21. Finally, and most critical standard, should "PRDFA prevail on the merits as to its companion case [the instant 08-2191 case], the structure of the agreement [Suiza Agreement] did not bar the Court from granting relief [to the PRDFA].[3]

PRDFA now claims that the settlement by challenging that "recently [PRDFA] discovered a scheme wherein Suiza appears to have artificially created huge [in the years 2014-2015] losses [but were in reality gains] through intercompany transactions wits its commonly known affiliate entities that have resulted in detriment of the dairy farmers." Docket No, 395, p. 2, § 1. The "scheme" described is obviously to indirectly once again challenge the Settlement terms codified as in Regulation #12 in the instant case. The settlement, which concerns potential ORIL increase to the milk farmers as to "regulated market" sales of milk, PRDFA now insists basically through discovery request to examine

---

require 'the unanimous vote of designated industry representatives from all industry sectors'." *Puerto Rico Dairy Farmers Association v. Pagán*, 748 F.3d. 13, 18 (1st Cir. 2014).

all the economic transactions of 2014 and 2015 of Suiza as to the "non-regulated" business which somehow affects the farmers all with the intent to affect the settlement which was known to the farmers since at least the date this settlement was docketed on October 29, 2013. Docket No. 2322 at Civil Case No. 04-CV-1840 affirmed at both *Vaquería Tres Monjitas, Inc., et al. v. Irizarry*, 587 F.3d. 464 (1st Cir. 2009) and *Farmers' Association v. Pagán*, 748 F.3d 13 (1st Cir. 2014).

First of all, the former claim of Suiza and Tres Monjitas producing a Settlement on late October 2013 relates to expenses and costs incurred by the industrial producers from 2001 until 2013, which were not being legally considered by ORIL for all the years, 12 twelve (12) years stated, constituting a taking on violation of due process, a taking of property, equal protectors of the laws and Fifth Amendment of the United States' Constitution. The complaint was against government employees in their personal capacity as to lack of economic relief and in official capacity as to compliance of the potential injunctive relief. *See generally Vaquería Tres Monjitas*, *Id.,* as to transactions in 2014 and 2015.

A "scheme" discovered in 2017 present in the Amended Certified Statement of Suiza for 2014 -2015 by the PRDFA is not related as to the reasonable price dated in 2013 adopted by ORIL relating to cost and expenses from 2001 to the Settlement Order of 2013 for the sale of fresh milk, and hence, can hardly be rationally called "material and pertinent" to the case of the farmers under Fed. R. Evid. 401. *See Achille Bayart & CIE v. Crowe*, 238 F. 3d 44, 49 (1st Cir. 2001). Further, Suiza has proffered that the transactions are not losses but gains and to affiliates of Suiza which are not dealing in the "regulated

business”. The “scheme” related to two affiliates who do not purchase raw milk is further not “a cost or expense” of raw milk farm producers. Moreover, even if the allegation is correct the two corporations are involved in not “non-regulated market” business, and hence the matter does not affect the price of milk of Suiza and their damages recognized in the Settlement Agreement, as the scheme is one, after the 2013 settlement. (Docket No. 232, Exhibit 1, p. 3, § 15).

Furthermore, there is a critical clarification made by Suiza at Docket No. 411, pp. 8-11, the entries allegedly to be produced by Suiza were not “owed by Suiza” but “owed to Suiza” on an unregulated business of DMC and Deprodeca S.A.C. The Court also takes notice that “Fresh Milk Business” which constitutes a regulated business is defined as follows: “is the business of the processors that comprises all activities related to the processing of raw milk, which generates the revenues from fresh milk processing and sales.” Docket No. 232, Exhibit 1, p. 3, § 15. Hence, only the “processing of raw milk and the sales are covered under the Regulator coverage rule.

Also, as clarified by Suiza at Docket No. 411, the financial statement of Suiza of 2015 states that in 2014 and 2015 the corporation [Suiza] paid loans to affiliate and corporations that were not loans that could be “written off”. *See* Docket 411, pp. 11-13. Also revealed was that the alleged debt owed by Suiza are actually account receivables, which are owed by unregulated entities to Suiza Dairy Corporation not to Suiza Dairy Fresh Milk proceeds. *See* Docket No. 411, pp. 8-11. There is a difference between Suiza Dairy Corporations and Suiza Dairy Fresh Milk. The latter is regulated by Regulation #12 of ORIL, the first sells products and goods “unregulated”. Further, the receivables owed

to Suiza Dairy Corporation are also irrelevant as the debt is based on unregulated products and is also irrelevant under the exception of "non-regulated business".

Finally, as to the so called "scheme", based on the PRDFA argument, all based on Suiza's audited statements of 2014-2015, the "regulated business" of purchased "raw milk" and the sale of "fresh milk" have been duly regularly known by the correct proper party, the regulator ORIL as they are within Regulation #12. Docket No. 411, pp. 13-14. The Court is not about to enter into whether or not there is a matter of impropriety as to the alleged fraud incurred by Suiza under the above scenario of "unregulated business". The Court does not have at this time before the undersigned any real claim as to operations between the years 2001 and 2013 by Suiza warranting and affecting the Settlement. PRDFA challenges as to the settlement are over, pursuant to the opinion of the Court in the *Puerto Rico Dairy Farmers Association v. Pagán*, at 748 F 3d. at 11, as the PRDFA received "a fair opportunity to present the relevant facts and arguments to the Court and to counter the opponents' submissions". However, the PRDFA has a remedy also pursuant to the case of *Puerto Rico Dairy Farmers Association v. Pagán*, 748 F 3d. at 21, should the "PRDFA prevail on the merits as to its companion case [the instant case], the structure of the agreement [Suiza Agreement] did not bar the Court from granting relief [to the PRDFA]." Hence, the Settlement of the manufacturers, Suiza and Vaquería Tres Monjitas, raw milk industrials is totally independent and "does not bar the Court from granting relief."

The Court now is concerned with the case of the PRDFA who is seeking a remedy pursuant to lack of due process equal protection, and any potential taking of property of

the farmers to adjust the farmers compensation based on generally cost and aid expenses in the production of raw milk including electricity, land, maintenance; cost of cattle; cost of feeding the cattle; production of raw milk or decrease of the production of cattle; cost of attorneys' fees, experts and others all relating to the PRDFA members.

The Court is surprised that PRDFA is attempting to seek inner transactions of Suiza with affiliates as to a non-regulated market. The PRDFA on the other hand has objected in the past sternly and continuously as to the taking of depositions of all farmers both as to requested matters but also as "non-regulated markets" as there are farmers that have also non-regulated businesses. The PRDFA prevailed in their request as Suiza in the instant case, acting as an intervenor, and the Court enjoying discretion to limit the regulated discovery. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987); *see* Docket No. 90. The last matter as to "non-regulated business", the Court decided in the same fashion as to discovery of "non-regulated business" of Suiza.

There is also a critical matter that stonewalls the request of the discovery sought by PRDFA and that is the current control of Indulac by the farmers.[4] The discovery as to Deprodeca S.A.C. and D.M.C. as to the non-regulated businesses of Suiza and its affiliates will be provided to farmers who are currently competing in "non-regulated" businesses with Suiza and its affiliates. The discovery of said documents requested by PRDFA would constitute the receiving of trade secrets of business of Suiza and their affiliates which is barred under the Trade Secrets Privilege Act under *Atlantic Wool v. Norfolk Mills*, 357 F.2d

[4] The farmers have purchased Indulac users the income of Indulac to pay the agreement, currently being challenged by the Secretary of Agriculture and ORIL, amongst others. *See Aponte Rivera v. Rivera Serrano, et al.*, SJ2016-CV-00270 (907).

866 (1st Cir. 1966). See also *Coco Rico v. Fuertes Pasarell*, 738 F. Supp. 613 (D.P.R. 1990); *Dickerman Assoc. Inc. v. Tiverton Bottled Gas Company*, 594 F. Supp. 30 (D. Mass 1984).

The Court, hence, is not interested in matters that are not regulated, as the instant case is solely related to the expenses, costs and other matters of the PRDFA that are traditionally related to remedies in a "regulated market", but the Court will not authorize any discovery relating to Suiza's alleged scheme as to "non-regulated" business matters and further as to businesses of Suiza that did not cover the years of the Settlement Agreement.

Hence, the request of Discovery as to the request of the PRDFA at Docket No. 395 is therefore **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of February, 2018.

***S/Daniel R. Domínguez***
Daniel R. Domínguez
United States District Judge